UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

BRIAN RICHARD SPENGLER,

               Petitioner,

    v.

ANDREW SAUL,
Commissioner of Social Security
Administration,

              Respondent.

Case No. 1:19-cv-00135-CWD

**MEMORANDUM DECISION
AND ORDER**

## INTRODUCTION

Pending before the Court for its consideration is Brian Spengler's Petition for Review of the Respondent's denial of social security benefits, filed April 18, 2018. (Dkt. 1.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will remand to the Commissioner.

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on July 6, 2016. This application was denied initially and on

**MEMORANDUM DECISION AND ORDER - 1**

reconsideration, and a hearing was held on February 13, 2018, before Administrative

Law Judge (ALJ) John Arkoosh. After taking testimony from Petitioner and a vocational

expert, ALJ Arkoosh issued a decision on May 9, 2018, finding Petitioner not disabled.

Petitioner timely requested review by the Appeals Council, which denied his request for

review on February 27, 2019.

Petitioner timely appealed this final decision to the Court. The Court has

jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the alleged disability onset date of June 6, 2016, Petitioner was

forty-three years of age. Petitioner has a high school education, and his prior work

experience includes work as a janitor, fast food worker, research technician, and assistant

manager-retail sales.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining

whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must

be determined whether the claimant is engaged in substantial gainful activity. The ALJ

found Petitioner had not engaged in substantial gainful activity since his alleged onset

date of June 6, 2016. At step two, it must be determined whether the claimant suffers

from a severe impairment. The ALJ found Petitioner's degenerative disc disease of the

lumbar spine, degenerative joint disease of the hip, bipolar/depression, and anxiety/post

traumatic stress disorder severe within the meaning of the Regulations.[1]

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for a listed impairment, specifically considering Listing 1.02 (Major dysfunction of a joint), 1.04 (Disorders of the spine), 12.04 (Depressive, bipolar and related disorders), and 12.06 (Anxiety and obsessive-compulsive disorders). If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity (RFC) and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work.

The ALJ determined Petitioner retained the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c), except he can only occasionally interact with coworkers and supervisors; he can have no interaction with the public; and, he can have only occasional supervision.

In making this finding, the ALJ determined Petitioner was capable of performing past relevant work as a research technician and janitor. Nonetheless, the ALJ proceeded to consider whether, at step five, Petitioner retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's RFC, age, education and work experience. The ALJ commented that, as a younger individual of forty-three years of age on the alleged disability onset date,

---

[1] The ALJ determined Petitioner's shortness of breath, diabetes, hyperlipidemia, and hypertension conditions were not severe. (AR 18.)

**MEMORANDUM DECISION AND ORDER - 3**

provided he had the ability to perform all or substantially all of the exertional demands at the medium work level, application of the Medical-Vocational Rules supported a finding of not disabled. (AR 27.) However, the ALJ found that Petitioner's ability to perform the full range of medium work was eroded by additional limitations. Based upon the testimony from the vocational expert, the ALJ concluded Petitioner could perform the requirements of representative occupations such as salvage laborer, chicken farm helper, and laborer-stores. (AR 27.) Accordingly, the ALJ found Petitioner not disabled.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474

**MEMORANDUM DECISION AND ORDER - 4**

(1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

**MEMORANDUM DECISION AND ORDER - 5**

## DISCUSSION

Petitioner presents the following issues for review on appeal:

1. Whether the ALJ identified clear and convincing reasons for discounting Petitioner's symptom testimony.

2. Whether the ALJ provided specific and legitimate reasons for discounting the opinion of Dr. James Bates, who performed a consultative physical examination.[2]

3. Whether the ALJ identified germane reasons for discounting nurse practitioner Renee Ryder's other source statement.

4. Whether substantial evidence supports the RFC and the ALJ's findings at steps four and five.

Each of these issues will be discussed in turn below.

**1.    Symptom Testimony**

The ALJ engages in a two-step process for evaluating a claimant's testimony about the severity and limiting effect of his or her symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Trevizo*, 871 F.3d at 678 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014); 20 C.F.R. § 404.1529 (Mar. 27, 2017)). When doing so, "the claimant need not show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the

---

[2] Petitioner does not challenge the ALJ's evaluation of Petitioner's mental impairments, and therefore has waived any argument. *See Avenetti v. Barnhart*, 456 F.3d 1122, 1124-25 (9th Cir. 2006) (explaining that an argument that is not raised in the opening brief is waived).

symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ may discredit the claimant's testimony about the severity of his or her symptoms only by offering specific, clear and convincing reasons for doing so. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). It is "not sufficient for the ALJ to make only general findings; he [or she] must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). These reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 345, at 345-46 (9th Cir. 1991)).

When evaluating the intensity and persistence of symptoms, the ALJ must consider all of the evidence in the record. *See* SSR 16-3p (March 16, 2016), 2016 WL 1119029 at *1-2.[3] The ALJ is directed to examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case

---

[3] The Commissioner superseded SSR 96-7p governing the assessment of a claimant's "credibility" with SSR 16-3p, which eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to evaluate the record as a whole. *Trevizo*, 871 F.3d at 679 n.5.

**MEMORANDUM DECISION AND ORDER - 7**

record." *Id*. at *4.

The Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id*. at *6-7.

The ALJ's decision may be upheld even if not all of the ALJ's reasons for discrediting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Security Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, make an adverse finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Rather, an ALJ may consider the lack of corroborating objective medical evidence as one factor in "determining the severity of the claimant's pain" or other symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). But the ALJ may not reject subjective pain or other symptom testimony merely because it was not fully corroborated by objective medical evidence. *Robbins v. Soc. Sec. Admin.,* 466 F.3d

**MEMORANDUM DECISION AND ORDER - 8**

880, 883 (9th Cir. 2006).

Petitioner contends that the effects of his morbid obesity cause chronic leg and back pain, and pain upon ambulation. Petitioner is 6 foot, 2 inches tall and weighs 380 pounds. He began using a cane in November of 2017, for support while walking, and he testified that, on an average day, he spends three to four hours reclining or lying down. Petitioner experiences numbness in his right lower leg, shortness of breath, and he has pedal edema.

The ALJ found that Petitioner's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Petitioner's statements concerning the intensity, persistence, and limiting effects of these symptoms were not consistent with the evidence. The ALJ rejected Petitioner's testimony that he requires the use of a cane for ambulation on the grounds that Petitioner's examination findings and diagnostic test results "simply do not support [Petitioner's] allegations that he must use a cane for ambulation." The ALJ concluded the medical evidence of record supports a finding Petitioner is capable of fairly high exertional activity at the medium level. (AR 21.) The ALJ cited treatment records from 2017, concluding that the physical examination findings were not consistent with Petitioner's allegations of chronic pain at a level of 8 out of 10. (AR 21.) The ALJ referenced also an August 2017 exam, which revealed that the only physical finding was pedal edema, and it had improved. (AR 21.)

Petitioner argues the ALJ erred in discrediting Petitioner's subjective symptom testimony, contending the evidence in the record does not support a finding Petitioner is

**MEMORANDUM DECISION AND ORDER - 9**

capable of work at the medium exertion level. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c). A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. SSR 83-10, 1983 WL 31251. Petitioner contends that he must be accorded the ability to change position frequently, and he cannot walk, sit or stand for prolonged periods, which would preclude work at the medium exertional level.

The Court concludes the ALJ's finding that Petitioner's testimony concerning his pain was inconsistent with the medical evidence is unsupported by the record as a whole. The ALJ cited Petitioner's normal physical examination findings to discredit the allegations of pain Petitioner attributed to his low back and lower extremity pain. An ALJ's reliance on a lack of supporting objective medical evidence, however, cannot serve as the sole basis for rejecting a claimant's allegations. *Robbins*, 466 F.3d at 883. As such, the ALJ erred to the extent he discounted Petitioner's pain testimony by citing a lack of objective medical evidence to support it.

Further, a review of the medical evidence from 2017 demonstrates Petitioner consistently complained of pain. For example, an August 22, 2017 examination revealed swollen bilateral lower extremity pain upon palpitation and taut skin due to swelling. (AR 666.) He was instructed to "keep legs elevated as much as possible." (*Id.*) Petitioner described his pain as "searing, throbbing," with a pain level of 8 out of 10. (AR 667.) He

**MEMORANDUM DECISION AND ORDER - 10**

was also prescribed an inhaler to administer twice daily for symptoms of shortness of

breath. (AR 667.) on August 31, 2017, Petitioner's lower leg edema was "better," by

about 50%. (AR 693, 697.) However, Petitioner still reported burning pain at a level 6 out

of 10. (AR 693, 697, 699.) He also complained of numbness in his "right back to foot."

(AR 694, 697.)[4]

At a follow-up visit on September 11, 2017, nurse practitioner Renee Ryder noted

Petitioner's pedal edema had improved. (AR 718.) Petitioner reported injuring his ankle

because he had tripped and fallen, causing him to stay in bed "most of last week." (AR

718, 721.) Although he had full range of motion in his lower extremities, he experienced

pain. (AR 766.) And, despite improvement in his pedal edema, he was advised to

continue to elevate his legs. (AR 722.) On November 29, 2017, Petitioner complained of

low back pain radiating to his hips, lower leg, and knees, described as sharp and constant

at a level of 8.5 out of 10. (AR 735.) He reported he had been using a cane for three

months to provide relief from his back pain while walking. (AR 735.) Examination

revealed pain upon palpitation, but he was able to twist right and left and forward flex to

90 degrees. (AR 739.) On November 29 and December 8, 2017, Petitioner's lower limb

numbness had not improved, and examination revealed decreased sensation along his

right lateral leg to his knee. (AR 725, 739.) Also on December 8, 2017, he was

experiencing tachycardia and complained of leg pain with exertion. (AR 726, 729.) His

---

[4] There is reference to a 2016 MRI of the lower lumbar spine, which was reportedly
abnormal, but is not in the record. (AR 695.)

**MEMORANDUM DECISION AND ORDER - 11**

sole form of exercise was fishing at a pond, which he did while sitting in a chair. (AR 58, 726, 758.)[5]

The ALJ failed to consider evidence in the record of Petitioner's abnormal MRI results; consistent complaints of low back and leg pain; pain upon physical exertion; shortness of breath; tachycardia; lower extremity numbness; a history of falling; and painful edema in his lower extremities, which improved but did not resolve completely. Other than a reference to Petitioner's pedal edema, the ALJ failed to articulate what medical records and examination findings did not support Petitioner's allegations about the severity of his pain. While the MRI results may not have been in the record, evidence is in the record that the MRI findings were abnormal, which would support Petitioner's complaints of low back and leg numbness. And, focusing solely upon Petitioner's pedal edema, the ALJ did not articulate how improvement in that condition translated to an ability to meet the physical demands of medium work, which requires walking and standing, when even with improvement Petitioner was advised to continue to elevate his legs.

The Court concludes that the ALJ provided unsatisfactory reasons for discounting Petitioner's testimony about the nature and severity of his pain, and that the ALJ's finding that Petitioner could tolerate the demands of work at the medium exertion level is

---

[5] Earlier records from 2016 demonstrate consistent complaints of pain as well. Petitioner had established care at Terry Reilly for his back pain on June 12, 2016. (AR 773.) On October 24, 2016, Petitioner complained of lateral numbness in his right thigh, piercing pain on the medial right knee, shortness of breath, swelling in his ankles and ankle pain. (AR 436, 439.)

**MEMORANDUM DECISION AND ORDER - 12**

not supported by substantial evidence based on the record as a whole.[6]

## 2.    Physician Testimony

In social security cases, there are three types of medical opinions: "those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)); *see also* SSR 96-2P, 1996 WL 374188, at *1 (S.S.A. July 2, 1996) (stating that a well-supported opinion by a treating source which is not inconsistent with other substantial evidence in the case record "must be given controlling weight; i.e. it must be adopted.").[7] In turn, an examining physician's opinion is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are

---

[6] Because of the Court's finding, the Court needs not address Petitioner's additional argument that the ALJ failed to address Petitioner's work history.

[7] In light of new rules effective March 27, 2017, the Commissioner rescinded SSR 96-2P. *See* Notice regarding Rescission of Social Security Rulings 96-2P, 96-5P, and 06-3P, 2017 WL 3928298 (March 27, 2017). However, SSR 96-2P applied at the time of ALJ's decision and provides guidance for claims, like Petitioner's, filed before March 27, 2017.

supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted); *see also* SSR 96-2P, 1996 WL 374188 at *5 ("[T]he notice of the determination or decision must contain specific reasons for the weight given to the [physician's] medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Should the ALJ decide not to give a treating or examining physician's medical opinion controlling weight, the ALJ must weigh it according to factors such as the nature, extent, and length of the physician-patient relationship, the frequency of evaluations, whether the physician's opinion is supported by and consistent with the record, and the specialization of the physician. *Trevizo*, 871 F.3d at 676; *see* 20 C.F.R. §§ 404.1527(c)(2),

**MEMORANDUM DECISION AND ORDER - 14**

416.927(c)(2).

Dr. James Bates, a specialist in physical medicine and rehabilitation, examined Petitioner on September 14, 2016. (AR 399.) Petitioner reported back pain, lower leg cramping and pain when walking, numbness of the right thigh, and swelling in his ankles and legs. (AR 399-401.) On examination, Dr. Bates noted Petitioner's movement patterns, such as standing, walking, rising from a squat, and transitioning up and down from a chair, were all within normal limits, but that Petitioner moved "a little slow" and he "appear[ed] to be somewhat stiff in motion patterns." (AR 402.) Examination revealed normal strength, mild restriction in all planes of motion for the cervical and lumbosacral spine, and an area of decreased sensitivity on the right lateral and anterior thigh. (AR 402-403.) Dr. Bates diagnosed mechanical back pain and arthralgias compatible with meralgia parasthetica. (AR 403.) Dr. Bates opined Petitioner would require frequent positional changes; limited to occasional lifting at a light/moderate level; carrying at a light level; no restrictions regarding handling objects provided the hands were kept close to the body; and rare use of the arms or hands at shoulder level. (AR 403.)

The ALJ gave "some weight" to Dr. Bates' opinion, on the grounds that:

> [T]he findings on examination did not appear to result in significant limitations with respect to the claimant, which suggests that the claimant could be expected to perform exertional activity at the medium exertional level. On the other hand, the opinion indicates that the claimant can lift at a 'light moderate' level, which is not clearly defined, and to only be able to carry at the light level, which is not consistent with the findings on examination or with the overall medical evidence of record. The claimant appears to be capable of

> performing work at the medium exertional level. Therefore,
> the opinion…is given some weight.

(AR 22-23.)

The Court agrees with Petitioner that the ALJ failed to adequately support his stated reason for assigning Dr. Bates' opinion "some weight." It is clear the ALJ rejected Dr. Bates' opinion that Petitioner must be afforded frequent position changes, as this limitation is not contained within the ALJ's RFC assessment. However, the ALJ did not explicitly compare Dr. Bates' examination notes to other medical evidence, including that of treating provider N.P. Ryder from Terry Reilly clinic, for consistency in his descriptions of Petitioner's symptoms. If he had, the records, discussed above, would have disclosed consistent reports of pain, numbness in Petitioner's lower right extremity, and lower leg swelling (pedal edema). The ALJ failed to explain why these medical records are inconsistent with Dr. Bates' opinion that Petitioner would require frequent position changes throughout the day, or why the ALJ's assessment that Petitioner could withstand the demands of work at the medium exertional level were supported by the same. Nor did the ALJ recognize that, as a specialist in physical medicine and rehabilitation, Dr. Bates' opinion is owed greater weight as a matter of regulation. *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (citing 20 C.F.R. § 404.1517(c)(5)).

It is not enough for the ALJ to make a single, conclusory statement, as he did here, without identifying the specific reasons, with support and reference to evidence in the

**MEMORANDUM DECISION AND ORDER - 16**

record. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (finding error

when the ALJ made a conclusory statement that failed to identify specifically which of

claimant's statements were not credible and why). The ALJ failed to connect the medical

record to Dr. Bates' opinion and conclusions, and did not make any specific findings

beyond the conclusory statement that the opinion is inconsistent with the ALJ's

assessment that Petitioner could sustain the demands of work at the medium exertional

level on a regular and continuing basis. Accordingly, the Court finds the ALJ erred.

### 3.    Other Treating Sources

A nurse practitioner qualifies as an "other source." 20 C.F.R. § 404.1513(d)(1).[8]

Other sources are qualified to provide evidence about "the severity of [a claimant's]

impairment(s) and how it affects [the claimant's] ability to work." *Garrison v. Colvin*,

759 F.3d 995, 1013–14 (9th Cir. 2014). The ALJ may discount testimony from these

"other sources" if the ALJ "'gives reasons germane to each witness for doing so.'"

*Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Lewis v. Apfel*, 236 F.3d

503, 511 (9th Cir. 2001)). Such reasons include conflicting medical evidence, prior

inconsistent statements, or a claimant's daily activities.  *Lewis v. Apfel*, 236 F.3d 503,

511–12 (9th Cir. 2001).

Nurse Practitioner Renee Ryder completed two medical source statements. The

first, dated October 9, 2017, is a check-the-box form indicating Petitioner could

---

[8] Although the regulations governing the evaluation of medical evidence were recently
amended, the Court refers to the version effective September 3, 2013, to March 26, 2017. *See* 20
C.F.R. §§ 404.1527, 404.1520c.

**MEMORANDUM DECISION AND ORDER - 17**

infrequently stand and walk, and occasionally sit; could never lift more than 20 pounds; would need to elevate his legs due to pain and swelling three times each day for thirty minutes; would require unscheduled breaks; and would need to lie down periodically due to pain and fatigue. (AR 460-452.) N.P. Ryder's opinion was based upon her treatment notes, discussed above, and Petitioner's diagnosed impairments of obesity, pedal edema, right lower leg numbness, asthma, diabetes, shortness of breath, low back pain, and leg pain. (AR 461.) N.P. Ryder provided also a letter dated November 29, 2017, indicating that Petitioner "has had to use a cane for the past 3 months, due to his chronic low back pain." (AR 463.) The letter was authored after Petitioner reported to N.P. Ryder that he had experienced a fall, had injured his ankle, and was experiencing low back pain such that he began using a cane. (AR 735.)

The ALJ gave N.P. Ryder's opinion "little weight," because the opinion regarding Petitioner's physical exertional and postural abilities "is not consistent with the overall medical evidence of record….[and] the claimant's physical conditions, although severe, would not be expected to limit the claimant's exertional abilities below the medium exertional level. (AR 22.) The ALJ further found that "claimant does not require an option to raise his legs multiple times per day." (AR 22.) With respect to N.P. Ryder's letter regarding Petitioner's use of a cane, the ALJ rejected it entirely, on the grounds that "there was no mention of the claimant's alleged hip condition in the statement submitted by…Renee Ryder, F.N.P." (AR 21.)

The ALJ's disregard of N.P. Ryder's opinion makes little sense in light of the

treating role that she played in Petitioner's medical care. N.P. Ryder served as

Petitioner's primary care medical provider on a regular basis for almost eighteen months

prior to the date of the medical source statement. The ALJ made no effort to compare

N.P. Ryder's opinion with Dr. Bates' opinion, when they were somewhat consistent with

each other regarding the limitations of Petitioner's ability to sit, stand, and walk for

prolonged periods. Nor did the ALJ explain which medical records detracted from N.P.

Ryder's opinion. This error is especially glaring considering N.P. Ryder's specific

instruction, contained within her treatment notes, that Petitioner must elevate his legs

daily. (AR 666.) Instead, as with his analysis of Dr. Bates' opinion, the ALJ simply

asserted a conclusory reason without further explanation for giving N.P. Ryder's opinions

"little weight."

Last, the ALJ's stated rationale for rejecting N.P. Ryder's statement about

Petitioner's cane use is unsupported. The letter explicitly stated Petitioner was using a

cane for his back pain, not hip pain.

The Court finds the ALJ improperly discounted the opinions of N.P. Ryder,

because he failed to provide germane reasons supported by specific reference to the

medical evidence of record for doing so.

## 4.    Residual Functional Capacity (RFC)

The RFC is a determination of what the claimant can still do despite his or her

physical, mental and other limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). *See*

*also Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (explaining that the RFC

is the most a claimant can still do despite his or her limitations). The RFC is first used at step four to determine whether an individual can do relevant past work. *Id*. § 416.920(a)(4)(iv). If the claimant cannot do relevant past work, the RFC is then used again at step five—along with the claimant's age, education, and work experience—to determine whether the claimant "can make an adjustment to other work." *Id*. § 416.920(a)(4)(iv)–(v). If the claimant can do other work, the claimant is found to be not disabled. *See id*. § 416.920(a)(v).

The ALJ assesses a claimant's RFC "based on all the relevant evidence in [the] case record." *Id*. § 416.945(a)(1). The ALJ must consider both the medical evidence and "descriptions and observations of the claimant's limitations from the claimant's impairment(s), including limitations that result from the claimant's symptoms, such as pain, provided by" the claimant, family, friends, and other people. *Laborin v. Berryhill*, 867 F.3d 1151, 1153–54 (9th Cir. 2017) (citing 20 C.F.R. § 416.945(a)(3)). The RFC assessment must "[c]ontain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate." *Id.* (quoting SSR 96–8p, 61 Fed. Reg. at 34478). In other words, the ALJ must take "the claimant's subjective experiences of pain" into account when determining the RFC. *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014)); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) ("[T]he ALJ failed to provide clear and convincing reasons for finding [the claimant's] alleged pain and symptoms not credible, and therefore was

required to include these limitations in his assessment of [the claimant's] RFC.").

Here, the Court finds the ALJ improperly discounted Petitioner's symptom testimony, and the opinions of Dr. Bates and N.P. Ryder. The ALJ's error in discounting both Petitioner's testimony and these provider or treating source opinions affected the ALJ's assessment of Petitioner's RFC, which allowed for medium work at both steps four and five.[9] Accordingly, the Court finds the ALJ's RFC assessment is not supported by substantial evidence in the record as a whole, and is the product of legal error.

## CONCLUSION

The Court will remand this matter for reconsideration. The ALJ provided legally inadequate reasons for discounting Petitioner's symptom testimony and the opinion evidence from Dr. Bates and N.P. Ryder. The evidence in the record does not support the ALJ's finding that Petitioner was capable of work at the medium exertional level.

---

[9] A review of the exchange between the ALJ and the vocational expert at the hearing revealed a significant gap between the opinion evidence in the record. (AR 70.) Whereas N.P. Ryder's opinion would rule out all competitive work at any exertional level, the opinions of the non-examining physicians from the Department of Disability Services would result in a finding Petitioner could perform heavy work. (AR 70.) The ALJ recognized the "sharp" contrast and decided the Petitioner could perform medium level work. (AR 70). There is then no explanation in the ALJ's written determination as to how the ALJ arrived at that conclusion.

**MEMORANDUM DECISION AND ORDER - 21**

## **ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Plaintiff's Petition for Review (Dkt. 1) is **GRANTED**.

2)      This action shall be **REMANDED** to the Commissioner for further

proceedings consistent with this opinion.

3)      This Remand shall be considered a "sentence four remand,"

consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852,

854 (9th Cir. 2002).

DATED: June 1, 2020

Honorable Candy W. Dale
United States Magistrate Judge